Case No.:

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

24 CAPITAL, LLC., DIVERSE CAPITAL, LLC

*Plaintiffs*,

-against-

DANIEL GELBINOVICH

*Defendant*.

**MEMORANDUM OF LAW IN SUPPORT OF THE PETITION BY 24 CAPITAL LLC AND DIVERSE CAPITAL LLC FOR ORDERS, PURSUANT TO FED.R.CIV.P.27, GRANTING DISCOVERY PRIOR TO COMMENCING AN ACTION (INVOLUNTARY BANKRUPTCY PETITION) AGAINST DANIEL <u>GELBINOVICH</u>**

Respectfully Submitted,
**JACOBS PC**
*Attorney for the Plaintiff*
450 Lexington Ave., Floor 4
New York, New York 10017
(718) 772-8704
leo@jacobspc.com

The Petitioners, 24 Capital LLC and Diverse Capital LLC, (collectively, the "Petitioners"), submit this memorandum of law in support of their petition, dated June 27, 2022, (the "'Petition"), seeking orders, pursuant to Fed. R. Civ. P. 27 ("Rule 27"), authorizing the Petitioners to take depositions, perpetuate testimony and evidence prior to filing an involuntary bankruptcy petition against Daniel Gelbinovich ("Gelbinovich").

The Petition should be granted because:

A) The Petitioners expect to be parties to an involuntary bankruptcy petition against Gelbinovich (the "Involuntary Petition");

B) The Involuntary Petition is an action cognizable in a United States court;

C) The Petitioners cannot presently bring the Involuntary Petition or cause it to be brought;

D) The Petitioners' interest in the anticipated action is that they are substantial creditors of Gelbinovich;

E) The Petitioners want use the evidence to establish that Gelbinovich is generally not paying his debts as they become due;

F) The evidence needs to be perpetuated because, like many debtors in distress, it appears Gelbinovich is working to change the facts;

G) The adverse party is Daniel Gelbinovich; his address is provided in the Petition;

H) The name and address of each deponent is provided in the Petition;

I) The expected substance of the testimony is whether Gelbinovich is generally paying his debts as they become due.

These matters are elucidated herein and in the accompanying Petition.

## STATEMENT OF THE FACTS

The facts, all of which support granting the Petition, are set forth in the accompanying Petition. Rather than burdening this Court with a duplicate recitation of the facts, the Court is referred to the Petition.

## THE PETITION SHOULD BE GRANTED
## TO PRESERVE TESTIMONY WHICH MAY BECOME UNAVAILABLE

The Petitioners should be granted relief under Rule 27 to preserve testimony and evidence which will become necessary in prosecuting an anticipated involuntary bankruptcy petition against Gelbinovich.

### The Standard for Granting Rule 27 Discovery:

Fed. R. Civ. P. 27 ("Rule 27") permits the taking of depositions and preserving evidence before an action. Rule 27 provides:

(1) Petition. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

   (a) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

   (b) the subject matter of the expected action and the petitioner's interest;

   (c) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

   (d) the names or a description of the persons whom the petitioner expects to be

adverse parties and their addresses, so far as known; and

(e) the name, address, and expected substance of the testimony of each deponent.

The standard for granting Rule 27 relief is:

> it must appear that the facts which the [petitioner] expects to prove by competent testimony of the witnesses sought to be examined will be material in the determination of the matter in controversy; that the deposition of the witnesses cannot be taken in the ordinary methods prescribed by law because the then condition of the suit (if one suit is pending) renders it impossible (if no suit is pending) because the [petitioner] is not in a position to start one in which the issue may be determined; and that the taking of the testimony is made necessary but the danger that it may be lost by delay.

4 MOORES FEDERAL PRACTICE 27.06, citing, *Arizona v. California,* 292 U.S. 341, 347 (1934).

The Petition satisfies this standard.

**The Petitioners, Their Interest and The Adverse Party**

The Petitioners are creditors of Gelbinovich.

**The Expected Action in a United States Court**

The Petitioners anticipate being petitioners in the Involuntary Petition against Gelbinovich for relief under 11 U.S.C. § 303. The Involuntary Petition seeking an order for relief under 11 U.S.C. § 303, would be brought in a United States Bankruptcy Court. Bankruptcy Courts are recognized as "courts of the United States." *Dahiya v. Kramer,* 2014 WL 1278131, at *3 (E.D.N.Y.,2014) citing, *Matter of Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 230 (2d Cir.1991)(In the context of granting 28 U.S.C. § 1927 sanctions). Thus, the involuntary Petition is an action "cognizable in a court of the United States."

**The Evidence to Be Preserved**

The standard for granting an involuntary petition for relief, under 11 U.S.C. § 303, is that

the debtor is generally not paying its debts as they become due, 11 U.S.C. § 303(h)(l). That determination entails examining the alleged debtor's payment practices in general, *Matter of Bowers,* 16 B.R. 298, 303 (Bkrtcy.Conn., 1981), *In re Galanis,* 20 B.R. 590, 593 (Bkrtcy.Conn., 1982).

The Petitioners must be granted the opportunity to take discovery to perpetuate evidence for meeting the statutory standards to support their anticipated involuntary bankruptcy petition. The Petitioners believe that Gelbinovich is generally not paying its debts as they become due.

**Petitioners Cannot File an Involuntary Bankruptcy Petition Now**

The Petitioners believe that they are presently unable to properly file an involuntary petition against Gelbinovich or cause it to be brought.

Where an alleged debtor has twelve or more creditors, an involuntary petition under the Bankruptcy Code must be filed by three or more creditors, 11 U.S.C. *§* 303(b)(l).

Upon information and belief, Gelbinovich has more than twelve creditors. However, the Petitioners are yet to be joined by at least one other creditor of Gelbinovich, interested in filing an Involuntary Petition against Gelbinovich. Therefore, the Petitioners are unable to commence a proceeding where the issue of whether Gelbinovich is regularly paying his debts as they become due may be determined.

Notably, Rule 27 relief "does not depend upon the condition of the witness, but upon the situation of the party (petitioner), and his power to bring his rights to an immediate investigation." *Mosseller v. U.S.*, 158 F.2d 380, 382 (2nd Cir.1947). The Petitioners are not able to pursue an "immediate investigation" without Rule 27 relief.

**The Petitioners Need to Preserve Evidence for the Involuntary Petition**

A substantial danger exists that testimony and evidence[1] which the Petitioners seek to preserve through this Petition will become unavailable before the Involuntary Petition can be filed.

**The Evidence at Risk**

The Petitioners are justifiedly concerned that Gelbinovich is manufacturing the appearance that he is paying his debts as they become due, for the Bankruptcy Court. This facade might be achieved by restructuring debts or otherwise giving preferential treatment to certain creditors.

Congress recognized this desperate debtor practice by providing the power to avoid preferential transfers in the Bankruptcy Code. See 11 U.S.C. § 547. Bankruptcy Code § 547's purpose "is to prevent the debtor during his slide toward bankruptcy from trying to stave off the evil day by giving preferential treatment to his most importunate creditors." *U.S. v. Webster*, 125 F.3d 1024, 1033 (7th Cir, 1997), citing *In re Midway Airlines, Inc.*, 69 F.3d 792, 797 (7th Cir.1995) and *In re Tolona Pizza Prods. Corp.*, 3 F.3d 1029, 1032 (7th Cir.1993).

Similarly, some debtors have credit terms changed. This creates the impression that the debtor is paying their debts in the ordinary course of their business. See, *In re Anderson Homes, Inc.*, 2012 WL 5617446, at *6 (Bkrtcy.E.D.N.C., 2012), *In re Anderson Homes, Inc.,* 2013 WL 1279403, at *7 (Bkrtcy.E.D.N.C., 2013)*, In re Liberty Livestock Co.,* 198 B.R. 365, 375 (Bkrtcy.D.Kan., 1996), *Montgomery Ward LLC v. OTC Int'l Ltd. (In re Montgomery Ward,*

---

[1] See, *Bryant v. American Federation of Musicians of the U.S. and Canada*, 2015 WL 3644075, at *8, fn. 9 (S.D.N.Y.,2015): Although the text of Rule 27 refers generally to depositions and witness testimony, courts have read this provision to permit pre-suit "perpetuation" of other types of evidence, including documents. See, e.g.*, In re Petition of John W. Danforth Grp., Inc.*, 2013 WL 3324017, *1 (W.D.N.Y. July 1, 2013)*; In re Liquor Salesmen's Union Local 2D Pension Fund*, 2012 WL 2952391 at *2 n. 4 (discussing Rule 27's internal reference to a court's ability to "issue orders like those authorized by Rules 34 and 35" and gleaning authority to perpetuate pre-suit documentary evidence); see also *Nissei Sangyo Am.*, 31 F.3d at 440.

*LLC),* 348 B.R. 662, 670 (Bankr.D.Del. 2006) (Change in payment terms pre-preference period will not defeat an ordinary course of business defense so long as the change was not made pursuant to creditor's overly zealous collection efforts).

The Petitioners' concern is supported by experience which even Congress recognizes. In deferring these preferred creditors' collection efforts, Gelbinovich would be changing the evidentiary landscape. This evidence needs to be preserved for the Involuntary Petition.

**The Bankruptcy Petition Context**

An entity desiring to perpetuate testimony for use in an involuntary bankruptcy petition, under 11 U.S.C. § 303, may seek an order under Rule 27, and thus promote judicial economy; 9 COLLIER ON BANKRUPTCY, 7027.03. Therefore, the Petitioners' Petition for an order pursuant to Rule 27 should be granted.

## CONCLUSION

The petition for orders, pursuant to Rule 27, permitting discovery prior to commencing an involuntary bankruptcy petition against Daniel Gelbinovich should be granted to preserve testimony.

*/s/Leo Jacobs*
Leo Jacobs, Esq.