UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
24 CAPITAL LLC and DIVERSE CAPITAL, LLC,

                22-cv-3765 (ENV)(VM)

               Petitioners,

    -against-

DANIEL GELBINOVICH,

               Respondent.
------------------------------------------------------------------X

**PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR FED. R. CIV. P. 27 PETITION FOR THE PERPETUATION OF TESTIMONY AND EVIDENCE**

                JACOBS PC
                595 Madison Avenue
                39th Floor
                New York, New York 10022
                Tel.: (212) 229-0476

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 3

ARGUMENT ................................................................................................................................ 3

I.    ANY PURPORTED PROCEDURAL DEFICIENCIES HAVE BEEN CURED................... 3

II.   THE RELIEF SOUGHT IN THE AMENDED PETITION SHOULD BE GRANTED ........ 4

    A.   The Plain Text of Rule 27 Supports the Granting of the Relief in the Amended Petition... 4

    B.   The Petitioners Expect to Be Petitioners in an Involuntary Petition Against the Respondent But Are Unable to Presently Bring the Action............................................................................. 4

    C.   The Amended Petition Seeks to Preserve Testimony in Addition to Already Known Evidence – That Respondent is Generally Not Paying His Debts as They Become Due – Not to Discover Evidence for the Purpose of Determining Whether a Cause of Action Exists Against the Respondent ................................................................................................................................ 6

    D.   The Utility of the Evidence Sought to Be Preserved Is in Danger of Being Lost, Concealed or Destroyed ..................................................................................................................................... 9

III.  THE GILEAD SCIENCES ACTION IS NOT A RELATED CASE............................... 12

CONCLUSION........................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**

*Brenord v. Catholic Med. Ctr. of Brooklyn & Queens, Inc.,* 133 F.Supp.2d 179 (E.D.N.Y. 2001) ... 3

*Cornell Research Foundation, Inc. v. Hewlett-Packard Co.*, 2007 WL 4340135 (N.D.N.Y. 2007) ................................................................................................................................................... 3

*Dahiya v. Kramer*, 2014 WL 1278131 (E.D.N.Y. 2014) ................................................................ 5

*Gilead Sciences, Inc., et al. v. Safe Chain Solutions, et al.*, 21-cv-4106 (E.D.N.Y.) ..................... 2

*Hall v. Stout*, 4 Del.Ch. 269 (1871) ............................................................................................. 11

*In re Big Apple Volkswagen*, LLC, 2016 WL 1069303 (S.D.N.Y. Mar. 17, 2006) ........................ 7

*In re Campania Chilena de Navegacion*, 2004 WL 1084243 (E.D.N.Y. Feb. 6, 2004) ............ 2, 4

*In re Fischer*, 202 B.R. 341 (E.D.N.Y. 1996) ................................................................................ 6

*In Re Galanis*, 20 B.R. 590 (Conn. 1982) .................................................................................. 6, 7

*In re Grigoli*, 151 B.R. 314 (E.D.N.Y. 1993) ............................................................................... 8

*In re Legg Mason Inv. Counsel & Trust Co.*, 2011 WL 1533165 (S.D.N.Y. Apr. 19, 2011) ......... 5

*In re Navient Solutions, LLC*, 2022 WL 863409 (S.D.N.Y. Mar. 3, 2022) .................................... 6

*In re Petition of Hawkins*, 1973 LEXIS 13666 (D. Maine 1973) ................................................ 10

*In re Petition of John W. Danforth Grp., Inc.*, 2013 WL 3324017 (W.D.N.Y. July 1, 2013) ........ 8

*Kidder, Peabody & Co., Inc. v IAG Intern. Acceptance Group, N.V.*, 28 F.Supp.2d 126, 130 (S.D.N.Y.1998) ......................................................................................................................... 3

*Matter of Bowers*, 16 B.R. 298 (Conn. 1981) ............................................................................... 6

*Matter of Cohoes. Indus. Terminal, Inc.*, 931 F.2d 222 (2d Cir. 1991) ......................................... 5

*Mosseller v. U.S.*, 158 F.2d 380 (2d Cir. 1946) .......................................................................... 10

*Pacific Technology Corp. v. Ehrenwald*, 2000 WL 1634393 (S.D.N.Y. Oct. 31, 2000) ............. 10

*Petition of Alpha Industries, Inc.*, 159 F.R.D. 456 (S.D.N.Y. 1995) ........................................... 10

*Petition of Ingersoll-Rand Co.*, 35 F.R.D. 568 (S.D.N.Y. 1964) ................................................. 11

*Sunrise Shipping, Ltd. v. M/V American Chemist*, 1997 WL 639023 (E.D. La. Oct. 15, 1997) .. 10

*U.S. v. Webster*, 125 F.3d 1024 (7th Cir. 1997).................................................................................. 8

Petitioners 24 Capital LLC and Diverse Capital, LLC (collectively, "Petitioners") respectfully submit this memorandum of law in support of their Amended Fed. R. Civ. P. 27 ("Rule 27") Petition against Respondent Daniel Gelbinovich ("Respondent" or "Gelbinovich"). For the reasons set forth below, the Amended Petition should be granted in its entirety.

## PRELIMINARY STATEMENT

Petitioners respectfully submit their Amended Petition pursuant to Rule 27 seeking an order authorizing the Petitioners to take depositions, perpetuating testimony and evidence prior to filing an involuntary bankruptcy petition against the Respondent. As set forth in detail below, the Petitioners have met their initial burden to warrant Rule 27 relief.

First, along with this memorandum of law, the Petitioners are filing their Amended Petition that is duly verified. In the Respondent's brief in opposition to the Initial Petition,[1] he argued that the Initial Petition was deficient because it was not verified. Under well-settled case law, this purported defect is curable, and it has been cured. Because any purported deficiencies have been cured, this hyper-technical argument regarding the verification of the Initial Petition is now moot.

Second, the Amended Petition meets the standard set forth under the plain text of Rule 27. Specifically, the Amended Petition sets forth "(1) that [the petitioner] expects to be a party to an action that may be cognizable in any court of the United States but the action is unable to be brought presently; (2) [the petitioner] must set forth the subject matter of the expected action and the petitioner's interest in such an action; (3) [the petition] must present facts which the petitioner seeks to establish through the proposed testimony and the reasons for desiring to perpetuate that testimony at this time; (4) it must provide the names or description of the expected adverse parties;

---

[1] On June 27, 2022, Petitioners filed their initial petition (Doc. 1) (the "Initial Petition"). Following the August 23, 2022, hearing with the Court, the Petitioners were granted leave to file an amended petition. See docket entry dated September 14, 2022 ("On or before 9/21/2022, Petitioner will file an amended petition and supporting memorandum.").

and (5) the names and addresses of the witnesses to be examined and the substance of the testimony petitioner expects to obtain from those witnesses." *See In re Campania Chilena de Navegacion*, 2004 WL 1084243, at *2 (E.D.N.Y. Feb. 6, 2004) *citing* Fed. R. Civ. P. 27(a)(1).

In that regard, the Amended Petition sets forth in ample detail that (a) the Petitioners expect to be parties to an involuntary bankruptcy petition against Gelbinovich; (b) the involuntary petition is an action cognizable in a United States court; (c) the Petitioners cannot presently bring the involuntary petition or cause it to be brought; (d) the Petitioners' interest in the anticipated action is that they are substantial creditors of Gelbinovich; (e) the Petitioners want to preserve the utility of the evidence establishing that Gelbinovich is not paying his debts as they become due, (which is part of the standard for initiating an involuntary bankruptcy); (f) the evidence needs to be perpetuated because, like many debtors in distress, it appears Gelbinovich is actively seeking to make preferential transfers with his creditors; (g) the name and address of each deponent is provided in the Petition; and (i) the expected substance of the testimony, which is set forth in detail in a chart annexed to the Amended Petition as Exhibit B.

Finally, on August 23, 2022, during a hearing with the Court, Respondent's counsel argued that a pending action captioned *Gilead Sciences, Inc., et al. v. Safe Chain Solutions, et al.*, 21-cv-4106 (E.D.N.Y.) (the "Gilead Sciences Action") concerns the same testimony and evidence that this action seeks to perpetuate. Respondent's argument is without basis. The Gilead Sciences Action concerns completely different subject matter than this action. Moreover, only three of the 13 depositions sought herein involve individuals who are even a party to that action. In sum, the Gilead Sciences Action is not a related case.

**STATEMENT OF FACTS**

For the sake of brevity, the facts supporting this memorandum are set forth in the Amended Petition and are hereby incorporated by reference.

**ARGUMENT**

**I.      ANY PURPORTED PROCEDURAL DEFICIENCIES HAVE BEEN CURED**

In accordance with this Court's Order dated August 23, 2022, the Petitioners respectfully submit their Amended Petition duly verified under 28 U.S.C. § 1746. Doc. 17. In the Respondent's initial opposition brief, he set forth hyper-technical arguments that the failure to verify the Initial Petition was somehow fatal to this proceeding. *See* Doc. 11 at 5. Respondent's contention is without merit because the failure to verify the Initial Petition is a curable defect, which has been cured by the filing of the Amended Petition.

It is well-settled that the submission of an unverified document is curable through a subsequent verification. *See, e.g.*, *Kidder, Peabody & Co., Inc. v IAG Intern. Acceptance Group, N.V.*, 28 F.Supp.2d 126, 130 (S.D.N.Y.1998) (holding that affidavits authenticating previously unverified materials challenged in connection with a summary judgment motion were permissible to cure any alleged defect), *aff'd*, 205 F.3d 1323 (2d Cir. 1999); *Brenord v. Catholic Med. Ctr. of Brooklyn & Queens, Inc.,* 133 F.Supp.2d 179, 183 n.1 (E.D.N.Y. 2001) (holding that a defect based upon submission of unsworn expert report in connection with summary judgment motion was cured through later submission of sworn affidavit attached to the expert report); *Cornell Research Foundation, Inc. v. Hewlett-Packard Co.*, 2007 WL 4340135, at *19 (N.D.N.Y. 2007) ("Despite the potential inappropriateness of submitting the unsworn report of a party's own expert to support or oppose a summary judgment motion, such a defect is, as plaintiffs argue, curable through the submission of an affidavit or a declaration verifying the report's contents.").

3

In light of the well-settled authority cited above, the purported procedural defect regarding the Initial Petition in no way warrants the denial of the relief sought herein because it has been cured; the Amended Petition submitted herewith is duly verified.

## II. THE RELIEF SOUGHT IN THE AMENDED PETITION SHOULD BE GRANTED

### A. The Plain Text of Rule 27 Supports the Granting of the Relief in the Amended Petition

The Amended Petition sets forth in ample detail that it seeks to preserve testimony and already known evidence that is necessary in prosecuting an anticipated involuntary bankruptcy petition against the Respondent.

The plain text of Rule 27 sets forth the following elements for granting Rule 27 relief: "(1) that [the Petitioner] expects to be a party to an action that may be cognizable in any court of the United States but the action is unable to be brought presently; (2) [the Petitioner] must set forth the subject matter of the expected action and the petitioner's interest in such an action; (3) [the petition] must present facts which the petitioner seeks to establish through the proposed testimony and the reasons for desiring to perpetuate that testimony at this time; (4) it must provide the names or description of the expected adverse parties; and (5) the names and addresses of the witnesses to be examined and the substance of the testimony petitioner expects to obtain from those witnesses." *See In re Campania Chilena de Navegacion*, 2004 WL 1084243, at *2 (E.D.N.Y. Feb. 6, 2004) *citing* Fed. R. Civ. P. 27(a)(1). As shown below, the Amended Petition satisfies this standard.

### B. The Petitioners Expect to Be Petitioners in an Involuntary Petition Against the Respondent But Are Unable to Presently Bring the Action

The Petitioners are creditors of Gelbinovich. *See* Amended Petition at ¶¶ 4-20. Because an involuntary petition requires three creditors to file suit where, as here, an alleged debtor has

more than 12 creditors, the two Petitioners are presently unable to bring an involuntary petition against the Respondent.

The Petitioners expect to be petitioners in an involuntary petition against the Respondent for relief under 11 U.S.C. § 303. This petition is required to be brought in a United States Bankruptcy Court. Bankruptcy courts are of course recognized as courts of the United States. *See, e.g., Dahiya v. Kramer*, 2014 WL 1278131, at *3 (E.D.N.Y. 2014), *citing Matter of Cohoes. Indus. Terminal, Inc.*, 931 F.2d 222, 230 (2d Cir. 1991) (holding that "a bankruptcy court is a 'court of the United States'").

The Petitioners are presently unable to bring the involuntary petition against the Respondent. This is because the Petitioners understand that the Respondent has more than 12 creditors and under the Bankruptcy Code, an involuntary petition must be filed by three or more creditors. *See* 11 U.S.C. § 303(b)(1) ("An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title . . . by three or more entities.").

Where, as here, a party literally cannot file suit because it cannot meet certain pre-suit requirements, that party has satisfied its burden of demonstrating that it is presently unable to file suit for purposes of a Fed. R. Civ. P. 27 petition. *See, e.g.*, *In re Legg Mason Inv. Counsel & Trust Co.*, 2011 WL 1533165, at *2 (S.D.N.Y. Apr. 19, 2011) (holding that a party satisfied the element of being unable to file suit because it literally was "unable to bring the case").

It is not difficult or inconvenient for the Petitioners to file an involuntary bankruptcy petition against the Respondent – it is not presently possible for them to do so. This is because an involuntary petition ***requires*** three creditors to file an action where an alleged debtor has 12 or more creditors. 11 U.S.C. § 303(b)(1). The Petitioners (who are together only two creditors) are

5

yet to be joined by at least one other of the Respondent's creditors, leaving the Petitioners one creditor short of meeting the threshold statutory requirement. A sample involuntary petition is attached hereto as Exhibit A showing that, when an alleged debtor has more than 12 creditors, there **must** be three creditors ready to file suit in order for the action to be filed. Accordingly, there is no question that an involuntary petition cannot be filed by the Petitioners, because the two of them cannot alone meet the statutory requirements.

    **C.**    **The Amended Petition Seeks to Preserve Testimony in Addition to Already Known Evidence – That Respondent is Generally Not Paying His Debts as They Become Due – Not to Discover Evidence for the Purpose of Determining Whether a Cause of Action Exists Against the Respondent**

The Amended Petition seeks to preserve already-known evidence, namely that the Respondent is not paying his debts as they become due. As explained below, preserving already-known evidence is exactly the type of discovery that courts authorize to be preserved under Rule 27.

The standard for granting an involuntary petition under 11 U.S.C. § 303 is that the debtor is generally not paying its debts as they become due. *See* 11 U.S.C. § 303(h)(1). In that regard, it is well settled that whether an alleged debtor is insolvent requires discovery concerning that alleged debtor's payment practices. *See, e.g.*, In re Navient Solutions, LLC, 2022 WL 863409, at *5 (S.D.N.Y. Mar. 3, 2022), *citing In re Fische*r, 202 B.R. 341, 350 (E.D.N.Y. 1996) (holding that "to determine whether an entity is generally paying its debts, courts in this Circuit consider four factors: '(1) the number of unpaid claims; (2) the amount of such claims; (3) the materiality of the nonpayments; and (4) the debtor's overall conduct of its financial affairs'"); *Matter of Bowers*, 16 B.R. 298, 303 (Conn. 1981) ("[I]n determining whether a debtor is generally not paying such debtor's debts as such debts become due, an examination of the debtor's payment practices in general, including the number of debts past due, their type, and their amount, is appropriate."); *In*

*Re Galanis*, 20 B.R. 590, 593 (Conn. 1982) ("The test for determining whether an alleged debtor is 'generally not paying such debtor's debts as such debts become due' requires examination of the number of his creditors, the amount of the debts not being paid, and his payment practices.").

As set forth in the accompanying Amended Petition, based on the Petitioners' initial investigation, the Respondent has more than 12 creditors and is actively trying to make preferential transfers to at least some of them.  *See* Amended Petition at ¶¶ 21-40.

It is well established that, under § 547(b) of the Bankruptcy Code,[2] the prohibition against certain prebankruptcy transfers exists because those transfers "distort the bankruptcy policy of distribution." *In re Big Apple Volkswagen*, LLC, 2016 WL 1069303, at *13 (S.D.N.Y. Mar. 17, 2006), *citing The Concept of a Voidable Preference in Bankruptcy*, 38 Vand. L.Rev. 713, 748 (1985) ("The function of the preference concept is to avoid prebankruptcy transfers that distort the

---

[2] Section 547(b) of the Bankruptcy Code is as follows:

> Except as provided in subsections (c), (i), and (j) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>
> **(1)** to or for the benefit of a creditor;
>
> **(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> **(3)** made while the debtor was insolvent;
>
> **(4)** made—
>
> > **(A)** on or within 90 days before the date of the filing of the petition; or
> >
> > **(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> **(5)** that enables such creditor to receive more than such creditor would receive if—
>
> > **(A)** the case were a case under chapter 7 of this title;
> >
> > **(B)** the transfer had not been made; and
> >
> > **(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b).

bankruptcy policy of distribution. Transfers that do distort this policy do so without regard to the state of mind of either the debtor or the preferred creditor.") "[A]ny creditor that received a greater payment than others of its class may be required to disgorge the payment so that all [class members] may share equally." *Id. See also In re Grigoli*, 151 B.R. 314, 322 (E.D.N.Y. 1993) (denying motion to dismiss an involuntary petition because creditors "would be better served by the continuance of the bankruptcy case" in light of a prebankruptcy transfer that "was obtained 89 days prior to the filing of the involuntary petition"); *U.S. v. Webster*, 125 F.3d 1024, 1033 n.12 (7th Cir. 1997) (holding that "[u]nder § 547(b) of the Bankruptcy Code, a trustee may avoid certain prebankruptcy transfers as preferences").

The Amended Petition sets forth an example of the Respondent making a preferential transfer to one of his creditors on November 12, 2021. *See* Amended Petition at ¶¶ 38-39. This already-known evidence is the basis for why Petitioners need to preserve evidence before filing an 11 U.S.C. § 303 involuntary petition against Respondent, who owes millions of dollars to other creditors. The Amended Petition seeks documents and testimony from the Respondent's creditors to preserve the utility of that evidence – that the Respondent is not paying his debts as they become due – before other prebankruptcy preferential transfers are made.[3]

In accordance with the well-settled authority cited above, if the Respondent continues to make prebankruptcy preferential transfers, he will be able to unlawfully change the evidentiary landscape by restricting debts or giving preferential treatment to certain creditors. This would irreparably harm the Petitioners.

---

[3] It is well established that pre-suit "perpetuation" of other types of evidence, including documents, is permissible under Rule 27. *See, e.g., In re Petition of John W. Danforth Grp., Inc.*, 2013 WL 3324017, *1 (W.D.N.Y. July 1, 2013) (holding that "the court may issue orders like those authorized by Rules 34 and 35" in connection with a Rule 27 petition).

8

Respondent will argue – without basis – that the Amended Petition only seeks to discover evidence to be used to determine whether a cause of action against the Respondent exists. This is incorrect. As set forth above, the Petitioners *already* possess evidence that the Respondent is not paying his debts as they become due. The Amended Petition seeks to preserve this already-known evidence regarding the Respondent's insolvency. This is because he is imminently seeking to preferentially transfer to other creditors assets that otherwise could be available for distribution to the Petitioners. Furthermore, these preferential transfers create the façade that he is paying his debts as they become due when in reality he is not. If these transfers continue, the Respondent will dispute that he is insolvent in the event that the Petitioners file their anticipated involuntary bankruptcy petition.

In light of the above, the Amended Petition properly seeks to preserve already-known evidence, not to determine whether a cause of action exists.

### D. The Utility of the Evidence Sought to Be Preserved Is in Danger of Being Lost, Concealed or Destroyed

The Respondent will argue that discovery concerning the Respondent's insolvency and creditor relationships is not the type of evidence that needs to be preserved under Fed R. Civ. P. 27 because it is not in danger of being literally lost, concealed or destroyed. Respondent is incorrect for several reasons.

First, as set forth above, the plain text of Rule 27 does not require a petitioner to show that the evidence that it seeks to preserve will be lost, concealed or destroyed. Rather, with respect to evidence that a petitioner seeks to preserve, the plain text of Rule 27 only requires a petitioner to set forth (a) the subject matter of the expected action, (b) the petitioner's interest in such an action, (c) facts which the petitioner seeks to establish through the proposed testimony, (d) the reasons for desiring to perpetuate that testimony, (e) the names or description of the expected adverse parties,

9

and (f) the names and addresses of the witnesses to be examined and the substance of the testimony petitioner expects to obtain from those witnesses. *See* Rule 27. Importantly, the words "lost, concealed or destroyed" do not appear in the plain text of Rule 27.

While it is generally recognized that a party may show that its Rule 27 petition was filed to preserve evidence that may be literally lost, concealed or destroyed, courts have held that if the utility of the evidence sought to be preserved is in danger of being lost, concealed or destroyed, that is sufficient to obtain Rule 27 relief. *See, e.g.*, *Sunrise Shipping, Ltd. v. M/V American Chemist*, 1997 WL 639023, at *3 (E.D. La. Oct. 15, 1997) (granting Rule 27 petition because the "utility" of the evidence sought to be preserved would be lost); *Pacific Technology Corp. v. Ehrenwald*, 2000 WL 1634393, at *2 (S.D.N.Y. Oct. 31, 2000) (granting Rule 27 petition because the respondent possessed documents "highly relevant" to an anticipated action).

The above-articulated rule is consistent with a long line of authority, including from the Second Circuit, that the fact a petitioner must delay in bringing an action until receiving the information sought is alone a sufficient showing to warrant Rule 27 relief. *See, e.g.*, *Mosseller v. U.S.*, 158 F.2d 380, 382 (2d Cir. 1946) (holding that Rule 27 relief "does not depend upon the condition of the witness, but upon the situation of the party (petitioner), and his power to bring his rights to an immediate investigation"); *Petition of Alpha Industries, Inc.*, 159 F.R.D. 456, 457 (S.D.N.Y. 1995) (granting Rule 27 petition because "the fact that petitioner must delay bringing suit until receiving the information sought is a sufficient showing to allow the use of Rule 27 to perpetuate respondent's testimony"); *In re Petition of Hawkins*, 1973 LEXIS 13666, at *4 (D. Maine 1973) (holding that "[i]t is now well established that . . . that a showing that the petitioner is presently unable to bring the expected action or to cause it to be brought is a sufficient showing of the danger of a loss by delay and the right to perpetuate testimony does not depend upon the

condition of the witness but on the situation of the petitioner and his right to bring an immediate action"); *see also Petition of Ingersoll-Rand Co.*, 35 F.R.D. 568, 568 (S.D.N.Y. 1964) (holding that Rule 27 is entitled to a "liberal construction").

In light of the well-settled authority set forth above, the decision in *Sunrise Shipping* is instructive. In *Sunrise Shipping*, the evidence sought to be preserved by the petitioner was not in imminent risk of literally being physically lost, concealed or destroyed. *Id*. at *3. Notwithstanding that undisputed fact, the petitioner obtained Rule 27 relief because while it was true that evidence sought to be preserved existed "in a physical sense for a long period of time, its utility will not." *Id*. The District Court reasoned that Rule 27 relief was proper because "the information [sought to be preserved] would [not] have any legal effect on actors in the world. Any utility or value that it may have is thus in danger of imminent destruction." *Id*.

Here, the same logical rationale should apply. The evidence sought to be preserved – the Respondent's status as a creditor to the 14 named deponents – is not literally in danger of being physically lost, concealed or destroyed, but that evidence is in imminent danger of having its utility being permanently lost and destroyed. That is, if the Respondent successfully restructures his debts and/or provides preferential treatment to certain creditors (which the Respondent has already done), the evidence that the Amended Petition seeks to preserve will have lost its legal effect because a new transaction will take its place. The current status quo – the Respondent's status as a potential debtor in an involuntary bankruptcy proceeding – will forever be lost.

This type of injustice is precisely what the legislative history of Rule 27 was designed to prevent. *See, e.g.*, *Hall v. Stout*, 4 Del.Ch. 269, 274 (1871) (holding that "[b]ills to perpetuate testimony proceed, not on the ground of imminent risk of loss before a pending suit can reach a trial, but on the ground that the party not being in a situation to bring his title to a trial, *his evidence*

11

*may be lost through lapse of time, a risk affecting all evidence, irrespective of any particular condition of a witness*") (emphasis supplied).

Furthermore, if Rule 27 relief is not granted, the Respondent will have the opportunity to create the false impression that he is paying his debts as they become due, which includes preferential transfers with certain creditors. One example of this was already discovered by the Petitioner. Specifically, on November 12, 2021, Respondent settled a judgment with one of his many creditors that was previously entered against him. *See* Ex. C to the Amended Petition. In doing so, the Respondent represented and warranted that he (and certain entities related to him) would **not** file a voluntary petition for bankruptcy before the 91st day following the settlement payments. *See* Ex. C to the Amended Petition at ¶ 24.[4] Tellingly, the Respondent then defaulted under the terms of the settled judgment. *See* Ex. D to the Amended Petition.

If the Amended Petition is not granted, the Respondent will continue to engage in this practice, and the documents and testimony that the Petitioners seek to preserve – that Respondent is not paying his debts when they become due – will no longer be available to be utilized effectively by the Petitioners. This is precisely the type of evidence and testimony that Rule 27 was designed to protect, in the interests of judicial economy.

### III. THE GILEAD SCIENCES ACTION IS NOT A RELATED CASE

On August 23, 2022, the Court held a hearing regarding the initial Petition. Attached hereto as Exhibit C is a true and correct copy of the transcript of the August 23, 2022 hearing. During that hearing, Respondent's counsel argued that a pending action captioned *Gilead Sciences, Inc.,*

---

[4] The result of this transaction is that the Respondent has now shielded the non-insider creditor from being found to have received a preferential transfer under Bankruptcy Code § 547(b) since that section only applies to transfers made in the 90 days preceding the filing of a bankruptcy petition (in the case of non-insiders).

12

*et al. v. Safe Chain Solutions, et al.*, 21-cv-4106 (E.D.N.Y.) (the "Gilead Sciences Action") is seeking the same discovery that this action seeks to perpetuate. *See* Ex. C at 9-13. This is false.

First, as a threshold matter, Respondent's counsel overstated the similarities between the Gilead Sciences Action and this proceeding, which are attenuated at best. To begin, this proceeding only seeks the deposition of three entities who are parties in the Gilead Sciences Action. There are ten additional parties that the Amended Petition seeks to depose. *See* Amended Petition at Exhibit B. Despite these clear facts, Respondent's counsel stated to the Court that every single one of the 14 deponents is participating in some form in the Gilead Sciences Action, which is untrue. Specifically, Respondent's counsel stated to the Court as follows: "***all of the people that are being listed*** are all participating in [the Gilead Sciences Action] as well." *See* Ex. C at 11 (emphasis added). As shown above, only three of the 14 deponents are involved in the Gilead Sciences Action. Therefore, even if the subject matter was related (and, as shown below, it is not), it is undeniably false to assert that this proceeding is solely seeking testimony from individuals/entities in the Gilead Sciences Action.[5]

Second, the subject matter of the Gilead Sciences Action is vastly different than the limited discovery sought to be preserved herein. Specifically, the Gilead Sciences Action concerns the very serious allegation that the Respondent supervised, ratified, and/or personally participated in the trafficking of counterfeit medications. *See* Amended Petition at Exhibit B. In stark contrast, the Amended Petition merely seeks to preserve evidence regarding the Respondent's relationships to establish that he is not paying his debts as they become due. Neither Petitioner is a party to the

---

[5] The Respondent's own initial opposition papers reveal the inconsistent statements made at the August 23, 2022. Specifically, the Respondent conceded that only "listed deponents 1, 2, 3 and 5" are participants in the Gilead Sciences Action. *See* Doc. 11-1 at 12.

Gilead Sciences Action. Petitioners are not seeking to depose any participant in the Gilead Sciences Action regarding their alleged involvement in counterfeiting medications.

Therefore, the Gilead Sciences Action has nothing to do with this Rule 27 proceeding. It is not a related case.

## CONCLUSION

For the foregoing reasons, Petitioners 24 Capital LLC and Diverse Capital, LLC respectfully request that their Fed. R. Civ P. 27 Petition be granted in its entirety and that an order be entered pursuant to Fed. R. Civ. P. 27, (a) authorizing the Petitioners to presently take the depositions of the persons and entities named in the Amended Petition for the purpose of perpetuating their testimony, (b) authorizing production of documents relevant to the Respondent's creditor relationships with the persons and entities named in the Amended Petition and (c) together with such other and further relief as this Court deems proper.

Dated: New York, New York
October 7, 2022

**JACOBS PC**

By: /s/ Leo Jacobs
Leo Jacobs, Esq.
Adam Sherman, Esq.
Aaron Slavutin, Esq.
595 Madison Avenue
39th Floor
New York, NY 10022
(212) 229-0476
leo@jacobspc.com
adam@jacobspc.com
aaron@jacobspc.com
*Attorneys for Petitioners*